## IN THE UNITED STATES BANKRUPTCY COURT FOR
## DISTRICT OF MASSACHUSETTS (Boston)
### Bankruptcy Petition #: 16-14269

| | |
|---|---|
| In re: ) | |
| ) | |
| **Keith P. Martin and Deana M. Martin** ) | **No. 16-14269** |
| Debtors ) | **Chapter 11** |
| ) | |

### EMERGENCY MOTION TO DETERMINE VALIDITY OF AUTOMATIC STAY OR IN THE ALTERNATIVE FOR RELIEF FROM AUTOMATIC STAY TO PROCEED WITH HEARING AT THE MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION NOW SCHEDULED TO BEGIN ON NOVEMBER 17, 2016

Griselda Canton and her undersigned attorneys request an order declaring that the litigation at the Massachusetts Commission Against Discrimination against the above debtors is exempt from the automatic stay or in the alternative granting them relief from the automatic stay in order to proceed to liquidate her claim against by proceeding with the hearing.

### FACTS

Counsel for Griselda Canton makes the following representations in support of this request:

1. Griselda Canton resides at 356 Main Street, Everett, Massachusetts.

2. Ms. Canton is the Complainant in a discrimination case now pending at the Massachusetts Commission Against Discrimination [MCAD.] In this case, Ms. Canton has asked for back wages and other lost benefits along with emotional distress damages.

3. The discrimination action stands in the name of <u>Griselda Canton vs. Biga Wholesale, Inc., Biga Breads, Ltd., Wildflour Catering, Inc. (all d/b/a/ Biga Breads), Deana Martin and Keith Martin</u> and bears docket numbers MCAD Docket No. 10BEM03156 and EEOC Docket No. 16C-2011-00417 ("the MCAD Cas").

4. Ms. Canton's discrimination action is currently scheduled for a four-day hearing commencing on Thursday, November 17, 2016 and continuing on November 18, 2016, November 21, 2016 and November 22, 2016. The MCAD hearing officer is Betty Waxman.

5. On November 7, 2016, the debtors Deana Martin and Keith Martin filed a Chapter 11 Bankruptcy Petition with this Court and an automatic stay entered purportedly staying Ms. Canton's MCAD discrimination action against the above debtors

6. On November 8, 2016, Michael W. Ford, Esquire, counsel for the debtors in the MCAD action, filed a Suggestion of Bankruptcy, in the MCAD action. Attorney Ford requested that the proceedings before the MCAD be stayed in accordance with 11 U.S. Code § 362

7. On November 8, 2016 MCAD Hearing Officer Betty Waxman denied the debtors request for a stay of the MCAD proceedings. A copy of the Suggestion of Bankruptcy and the hand written MCAD denial is attached as Attachment 1.

8. In denying the debtors request to stay the proceedings at the MCAD, Hearing Officer Betty Waxman relied upon the case of <u>Mohawk Greenfield Corporation, Debtor</u>, 239 B.R, 1, (August 31, 1999.) The <u>Mohawk</u> case held that that the "entry of awards by administrative agencies like the MCAD fall within the police

and regulatory power of these governmental units, pursuant to § 362(b)(4). This Court holds that § 362(b)(4) excepts from the automatic stay the entry by the MCAD of monetary judgments under M.G.L. Ch. 151B." Id. at 8.

9. Because the Mohawk case dealt with the police and regulatory power of governmental agencies like the MCAD, it is unclear whether litigants and their counsel may still proceed with a claim before the MCAD once an automatic stay has been entered. *Contrast* In re Richard George Barry, 330 B.R. 28 (September 1, 2005) (Court held that that a private attorney violated a discharge injunction by proceeding against a Chapter 7 debtor in a private discrimination lawsuit in state court.)

10. In this case Griselda Canton and her attorneys are in the untenable position of being caught between the automatic stay entered in the Bankruptcy Court and the MCAD Hearing Officer's ruling that the hearing before the MCAD will go forward.

Grounds for Relief From the Automatic Stay

11. The Second Circuit has set out a 12-factor test to determine when it is appropriate to lift the automatic stay to allow pending litigation to proceed. In re Sonnax Industries, Inc., 907 F.2d 1280, 23 Collier Bankr. Cas 2d MB 132 (2d Cir. 1990) The factors relevant to this case are: Whether relief would result in a partial or complete resolution of the issues; lack of connection or interference with the bankruptcy case; whether a specialized tribunal with the necessary expertise has

been established to hear the case of action; whether litigation in another forum would prejudice the interest of other creditors; whether the judgment claim arising from the other action is subject to equitable subordination; whether movants success in the other proceeding would result in a judicial lien avoidable by the debtor; the interests of judicial economy and the expeditious and economical resolution of litigation: whether the parties are ready for trial in the other proceeding; and, the impact of the stay on the parties and the balance of harm. All of these factors favor relief from the stay in this case

12. Relief would allow resolution of the issues liquidation of Ms. Canton's claim in the MCAD.

13. Also, there will be no interference with the bankruptcy case.

14. The Massachusetts Commission Against Discrimination is a specialized tribunal concerning Massachusetts discrimination issues.

15. Litigation in the Massachusetts Commission Against Discrimination will not prejudice other creditors.

16. An Order in the Massachusetts Commission Against Discrimination will not result in claim subject to equitable subordination or a judicial lien avoidable by the credit.

17. The interests of judicial economy and expeditious and economical resolution of the litigation are best served by allowing the MCAD litigation in which all of the litigants have been on notice of the hearing dates and Ms. Canton and her attorneys are prepared to proceed. In addition the MCAD hearing officer is requiring the parties to proceed on November 17, 2016.

WHEREFORE, Griselda Canton and her attorneys request that this Court grant the following relief:

1. Declare that automatic stay does not prohibit Ms. from proceeding in the pending MCAD case; or,

2. In the alternative enter a relief from stay with respect to the litigants' claims before the MCAD so that Ms. Canton and her attorneys may proceed to liquidate her claim in the MCAD case but not to attempt to collect any judgment that may be granted in the MCAD case.

3. Such other relief as may be just and equitable

*Constance A. Browne*

Constance A. Browne, Esquire
BBO # 061330
Supervising Attorney
Boston University Civil Litigation Program
197 Friend Street
Boston, MA 02114
617-603-1522
cbrowne@gbls.org

/s/Robert Sable
Robert Sable, Esquire
BBO # 436980
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
617-603-1721
rsable@gbls.org

**Attachment 1**

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

|  |  |
|---|---|
| GRISELDA CANTON,<br>    Complainant,<br><br>v.<br><br>BIGA WHOLESALE, INC., BIGA BREADS,<br>LTD, WILDFLOUR WEST PRODUCTS, INC.,<br>WILDFLOUR CATERING, INC. (ALL D/B/A/<br>BIGA BREADS), DEANA MARTIN, and<br>KEITH MARTIN<br>    Respondents | MCAD DOCKET NO. 10BEM03156<br>EEOC DOCKET NO. 16C-2011-00417<br><br>*Stay denied.*<br>*Betty Waxman*<br>*11/8/16* |

### SUGGESTION OF BANKRUPCY

Notice is hereby given that on November 7, 2016, the Respondent Deana Martin and Keith Martin filed a Petition for Bankruptcy with the United States Bankruptcy Court - District of Massachusetts, known and numbered as <u>In re Keith P. Martin and Deana M. Martin</u>, Case No. 16-14269. A copy of the Voluntary Petition for Individuals Filing for Bankruptcy is attached hereto. Kindly stay the proceedings in the instant case in accordance with 11 U.S. Code § 362.

                                    Respectfully Submitted,
                                    BIGA WHOLESALE, INC., BIGA BREADS,
                                    LTD, WILDFLOUR WEST PRODUCTS, INC.,
                                    WILDFLOUR CATERING, INC. (ALL D/B/A/
                                    BIGA BREADS), DEANA MARTIN, and
                                    KEITH MARTIN

                                    By their Attorney,

                                    Michael W. Ford (BBO # 644807)
                                    FORD LAW P.C.
                                    1216 Bennington Street
                                    East Boston, MA 02128

## CERTIFICATE OF SERVICE

I certify that the foregoing Emergency Motion, along with copies of the documents attached was served electronically on November 14, 2016 to the following parties:

By ECF:

Gary W. Cruickshank on behalf of Debtor Keith P. Martin gwc@cruickshank-law.com

Gary W. Cruickshank on behalf of Joint Debtor Deana M. Martin gwc@cruickshank-law.com

John Fitzgerald USTPRegion01.BO.ECF@USDOJ.GOV

November 14, 2016

/s/Robert Sable
Robert Sable, Esquire
BBO # 436980
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
617-603-1721
rsable@gbls.org